THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **HECTOR AND ELSY CHAPA** | § | |
| Plaintiffs | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:15-CV-0030 |
| | § | |
| | § | |
| | § | |
| **ALLSTATE TEXAS LLOYDS ET AL** | § | |
| Defendants | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ALVAREZ:

NOW COME Plaintiffs, HECTOR AND ELSY CHAPA, and file this Response to Defendant Allstate Texas Lloyds' Motion for Summary Judgment and, in support, respectfully show the Court the following:

A.   BACKGROUND

1.   Plaintiffs filed this lawsuit against Allstate Texas Lloyds ("Defendant") for its mishandling and underpayment of Plaintiffs' March 29, 2012 wind and hail damage claim. Defendant claims this lawsuit is time barred and has filed its Motion for Summary Judgment based on its statute of limitations argument. However, because Plaintiffs made their request for additional payment of the damages caused by the March 29, 2012 storm and because Defendant reopened the claim on June 16, 2014, proceeded to investigate Plaintiffs' losses, and openly acknowledged additional damage on August 4, 2014, Defendant has failed to meet its burden. As such, Defendant's Motion for Summary Judgment should be denied.

1

B. SUMMARY JUDGMENT EVIDENCE

2. Plaintiffs submit the following evidence to support their Response to Defendant's Motion for Summary Judgment and incorporate the following by reference:

Exhibit A: Letter from CorrectClaim Public Adjusters dated June 12, 2014.

Exhibit B: Letter from Allstate dated August 4, 2014.

Exhibit C: Letter from Allstate dated June 16, 2014.

Exhibit D: Affidavit of Plaintiff Hector Chapa.

Exhibit E: Estimates/Reports of Damages from Allstate's initial investigation on April 9, 2012 and June 22, 2012 of Plaintiffs' damages.

Exhibit F: Estimate/Report of Damages of CorrectClaims Public Adjusters.

C. ARGUMENTS AND AUTHORITIES

3. For causes of actions based on insurance claims against the insurer, the limitations period begins to run not when a claim is investigated but when the last determination is made by the defendant insurance company. *See Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi 1998, no pet.). The last determination of Defendant was made on August 4, 2014, and thus, the statute of limitations did not begin to run until that date.

4. Defendant argues that Plaintiffs' causes of action are time barred because Defendant investigated and issued the coverage opinion letter for Plaintiffs' damages on April 10, 2012 and issued depreciation payment and closed the claim on June 22, 2012. However, because Plaintiffs requested additional payment for the damages that resulted from the same occurrence as the previously acknowledged damage on June 12, 2014,[1] and Defendant expressly acknowledged additional damage on August 4, 2014,[2] Plaintiffs suit filed on December 19, 2014 was timely.

---

1 See Exhibit A.
2 See Exhibit B.

5.      It is undisputed that (1) Plaintiffs made their claim for wind and hail damage to their property on March 30, 2012, (2) Defendant issued an initial payment on April 10, 2012 and another on June 22, 2012, (3) Defendant initially closed the claim on June 22, 2012, (4) Plaintiffs requested Defendant to reopen the claim and issue additional payment for the hail damages via letter dated June 12, 2014,[3] (5) Defendant did in fact reopen and investigate the claim for wind and hail damage after receipt of the letter,[4] and (6) on August 4, 2012, Defendant issued a letter stating that it had determined that the photographs Plaintiffs submitted showed damages found at the time Defendant conducted its initial investigation in 2012 as well as additional damages that were not found during its initial investigation.[5]

6.      Plaintiffs do dispute, however, that the August 4, 2014 letter from Defendant restarted the limitations period applicable to this lawsuit.  In its letter, Defendant expressly acknowledges the existence of damage not included in Defendant's prior payments to Plaintiffs.[6]  Although discovery has not been completed at this time, Plaintiffs can only speculate that the damages Defendant is referring to are those to the pool/hot tub area.[7]  All other damages in the photographs Defendant references were in existence at the time of Defendant's initial investigation on April 9, 2012.[8]  However, the damages to the pool/hot tub area tile, while somewhat in existence in April of 2012, have been made worse by the passage of time since the claim was initially investigate.[9]

---

[3] See Exhibit A.  Notably, Plaintiffs requested the reopening of their claim and additional payment within two years of Defendant initially closing the claim file.
[4] See Exhibit C.
[5] See Exhibit B.
[6] See Exhibit B.
[7] It is Plaintiffs' position that all other damages to their home were visible in nearly the same condition at the time of Defendant's investigation on April 9, 2012.  To the extent Defendant is not referring to the damage to the pool/hut tub area tile, Plaintiffs argue that Defendant's Motion for Summary Judgment is premature and respectfully request the Court to grant Plaintiffs a Continuance until the parties can conduct discovery to determine what damages Defendant refers to in the August 4, 2014 letter.
[8] See Exhibit D.
[9] See Exhibit D.

3

7. Stated differently, Defendant changed its opinion on August 4, 2014 by expressly acknowledging additional damages not included in its original estimate because the "additional" damages Plaintiffs believe Defendant is referring to in its letter were present during the initial investigation, but Defendant failed to include it in its estimate or payments made to Plaintiffs.[10] After the passage of time, the damages have become worse and are more open and obvious than at the time of Defendant's investigation.[11] So by acknowledging the additional damage to Plaintiffs' property, which resulted from a continuing problem and was caused by the same source as the other damages, Defendant reopened the limitations period for this lawsuit on August 4, 2014. *See Pena*, 980 S.W.2d at 954 (holding that the date of the final denial of insurance coverage for damages resulting from a continuing problem caused by the same source is the controlling date for statute of limitations purposes). Accordingly, Defendant cannot meet its burden of establishing that Plaintiffs' claims are barred by the statute of limitations.

### D.    CONCLUSION

8. Defendant's Motion for Summary Judgment should be denied because Defendant acknowledged additional damage on August 4, 2014, thereby restarting the limitation period for Plaintiffs' claims against Defendant. Alternatively, a fact issue exists as to whether the damages Defendant acknowledged on August 4, 2014 were caused by the same storm that caused the other damages Defendant had already acknowledged. If it is determined that the damages existed, at least in part, at the time Defendant conducted its initial investigation on April 9, 2012, then it would follow that Defendant's August 4, 2014 letter altered Defendant's opinion and therefore restarted the statute of limitations period.

---

10 Compare Exhibit E (Defendant's Estimates) with Exhibit F (CorrectClaim Public Adjuster's Estimate).
11 See Exhibit D.

9.  For these reasons, Plaintiffs respectfully request the Court deny Defendant's Motion for Summary Judgment, or in the alternative, issue a continuance and order the parties to proceed to discovery to determine what damages Defendant contends did not exist at the time of its initial investigation and the cause of those damages, and for other general and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____
CRAIG M. SAUCIER,
*Attorney-in-charge*
State Bar No. 24041869; Federal Bar No. 578645
VALERIE MAZZOLA
State Bar No. 24069063; Federal Bar No. 2238466

SAUCIER & SMAISTRLA, PLLC
200 Concord Plaza Dr., Suite 750
San Antonio, Texas 78216
Telephone:   (210) 562-2888
Telecopier:  (210) 338-8916
Email: craig@s2lawfirm.com
Email: valerie@s2lawfirm.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record via email in compliance with the Federal Rules of Civil Procedure on March 20, 2015.

    Rosemary Conrad-Sandoval
    Jeff Roerig
    ROERIG, OLIVEIRA & FISHER, L.L.P.
    10225 North 10th Street
    McAllen, Texas 78504
    Tel: 956-393-6300
    Fax: 956-386-1625
    Email: rsandoval@rofllp.com
    Email: jroerig@rofllp.com

    CRAIG M. SAUCIER,
    *Attorney-in-charge*
    State Bar No. 24041869; Federal Bar No. 578645
    VALERIE MAZZOLA
    State Bar No. 24069063; Federal Bar No. 2238466

    ATTORNEYS FOR PLAINTIFFS